MARK STARK, PLAINTIFF-RESPONDENT, v. MORTGAGE COMPANY OF PASSAIC COUNTY, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPEL-LANT.

Submitted October 29, 1943—Decided January 27, 1944.

For the plaintiff-respondent, *David Cohn.*

For the defendant-appellant, *Cox & Walburg* (*William H. D. Cox,* of counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. This is defendant's appeal from a judgment recovered by the plaintiff in a suit for personal injuries. Rejection of the defendant's motion for nonsuit and directed verdict are assigned for error.

The defendant owned a building in Paterson. On the ground level there were four stores. The plaintiff worked in one of them as an employee of the Martin Drug Co. Another of the stores was used as a restaurant. The defendant, owner of the land and premises, employed one John Dienges as janitor of the whole institution. His duty required him to look after the several apartments above the ground floor as well as the stores, to care for the heating system, and to make such minor repairs as might be occasionally needed. Dienges also worked in his spare time for the drug company, which employed the plaintiff. The plaintiff received his injuries out of the following incidents: a leak developed in the steam radiator located in the restaurant; Dienges asked the plaintiff to help him repair it; the plaintiff got permission of his employer to do so. On entering the restaurant, he saw that

Dienges had uncoupled the radiator from the pipe leading to the furnace and the latter called upon the plaintiff to "hurry" up; some water had collected on the floor over an area of four or five square feet; the floor had an inlaid linoleum covering. The plaintiff testified that before he laid hand on the radiator—in fact as he "approached" it—it fell forward, came down on his left foot, fracturing some of the metatarsal bones. Dienges, brought in as a defendant in the action, was called by plaintiff as his witness. It was conceded by the defendant, his employer, that he had authority to employ anyone to help him in his work if he could not do it alone. His version of the happening was that at the time he disconnected the radiator, he had closed the shut-off valve; that the fire in the furnace box had been banked; that there was no pressure of water in the radiator when it had been disconnected "only the water that was lying in the bottom of the radiator;" that "we both [he and the plaintiff] had hold of the radiator to move it away from the wall" and "tilted it towards us" and "the radiator slipped and Mr. Stark wasn't fast enough and it fell on his foot."

The negligence charged is that the radiator was left in a "tilted and precarious position" and became "a dangerous instrumentality" to others. There is no testimony in the case to support this charge. The plaintiff testified in answer to a question which invited an answer to support that allegation that the "radiator was parallel with the wall." None of the other allegations charging acts of specific negligence was proved. The record is barren of any fact that would support the charges of negligence advanced in the complaint.

One witness, Samuel Hoffman, testified that Dienges told him that water was gushing out of the pipe with sufficient force to push over the radiator. This testimony was hearsay of course as to the defendant, owner of the building, but was admitted so far as plaintiff's case against Dienges was concerned. Whether plaintiff had judgment against Dienges does not appear. The testimony of Hoffman is mentioned only because respondent points to it as some evidence of negligence. The answer to this is that the testimony was admitted for the limited purpose indicated and not in any

sense as evidence of appellant's liability. At the end of the plaintiff's case we found no testimony in the record indicating negligence on the part of the defendant, Mortgage Company of Passaic County, about which fair-minded men ought to differ and accordingly the motion for nonsuit should have been granted. *Podolsky* v. *Sautter,* 102 *N. J. L.* 598. If there was a shred of testimony that pointed to defendant's liability it must be remembered that the scintilla rule does not obtain in this state. *Pellington* v. *Erie Railroad Co.,* 115 *N. J. L.* 589.

The judgment will be reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Parker, Case, Bodine, Donges, Heher, Porter, Colie, Dear, Wells, Rafferty, Hague, Thompson, Dill, JJ. 15.